IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nichole Holder and Carlis Keith Epting, as Co-Personal Representatives of the Estate of Harley Dillon Epting, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Derek Abbey, Individually, and Y & F Transportations, LLC,<br><br>Defendants. | CIVIL ACTION NO.: 3:18-02458-JMC<br><br>**COMPLAINT**<br>(Wrongful Death and Survival)<br><br>(Jury Trial Demanded) |

Plaintiffs Nichole Holder and Carlis Keith Epting (hereinafter referred to as "Plaintiffs"), as Co-Personal Representatives of the Estate of Harley Dillon Epting, deceased (hereinafter referred to as "Decedent"), by and through the undersigned attorneys and complaining of the Defendants above-named, would allege and show unto the Court the following:

**JURISDICTION AND VENUE**

1. That the motor vehicle collision which caused the death of the Decedent occurred on December 20, 2017 in Lexington County, State of South Carolina and that at the time of the collision and resulting death, Decedent was a citizen and resident of Saluda County, State of South Carolina.

2. That Plaintiffs are the duly appointed Co-Personal Representatives of Decedent's Estate and have authority to bring this Wrongful Death Action on behalf of Decedent's beneficiaries under the South Carolina Wrongful Death Act, S.C. Code Ann. § 15-51-10, et seq. and to bring this Survival Action on behalf of Decedent's Estate under S.C. Code Ann. § 15-5-90, et seq. Plaintiffs' Certificate of Appointment was issued by the Saluda County Probate Court and is attached hereto as Exhibit 1. At the time of the collision on December 20, 2017, Plaintiffs were citizens and residents of Saluda County, State of South Carolina.

1

3. That at the time of the collision on December 20, 2017, Defendant Derek Abbey (hereinafter referred to as "Abbey"), upon information and belief, was a citizen and resident of the State of Georgia.

4. That upon information and belief, Abbey was, at all times relevant hereto, a motor carrier driver pursuant to 49 C.F.R. Part 392.3 and 49 C.F.R. Part 395.1 and 49 C.F.R. Part 395.8.

5. That Defendant Y & F Transportations, Inc. (hereinafter referred to as "Y & F Transportations"), at all times relevant hereto, was a foreign trucking company with its principal place of business in a State other than the State of South Carolina.

6. That at all times material hereto, Y & F Transportations operated a trucking company engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in the State of South Carolina and, more particularly, Lexington County.

7. That pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest and costs.

8. That in accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the District of South Carolina as the alleged acts or omissions occurred in the Columbia Division of the State of South Carolina.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Gross Negligence as to Abbey and Y & F Transportations)

9. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein verbatim.

10. At all times relevant hereto, Abbey was an employee, agent, and legal representative of Y & F Transportations and acting in the course and scope of his employment.

11. Y & F Transportations controlled the actions of Abbey on December 20, 2017 and therefore is responsible for his actions and inactions on December 20, 2017.

12.     On or about December 20, 2017, Decedent as a passenger in a motor vehicle traveling east on Pond Branch Road, towards the intersection of the Interstate 20 East exit ramp and Pond Branch Road, in Lexington County, South Carolina.

13.     Decedent was acting in a reasonably prudent and careful manner at all times pertinent hereto.

14.     At the same time, Abbey's commercial motor vehicle, owned and operated by Y & F Transportations, was traveling up the Interstate 20 East exit ramp towards Pond Branch Road in Lexington County, South Carolina.

15.     As Abbey approached the intersection of the Interstate 20 East exit ramp and Pond Branch Road, Abbey disregarded the prevailing traffic conditions and made a left-hand turn directly in front of the vehicle in which Decedent was a passenger, causing a violent collision.

16.     The collision occurred through no fault of Decedent.

17.     As a result of the collision, Decedent suffered catastrophic physical injuries to his entire body resulting in great and excruciating pain, other damages, and ultimately his death several hours later at the hospital.

18.     The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Abbey who was acting in the course and scope of his employment, agency, and representation of Y & F Transportations in the following particulars:

    a.  Failing to keep a proper lookout;

    b.  Failing to maintain his commercial motor vehicle under proper control;

    c.  Failing to yield the right of way to the vehicle occupied by Decedent in accordance with S.C. Code Ann. § 56-5-580, when the vehicle occupied by Decedent possessed the right of way at all times pertinent hereto;

    d. Driving a commercial motor vehicle in such a manner to indicate willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others, in violation of S.C. Code Ann. § 56-5-2920;

    e. Failing to obey official traffic-control devices, in violation of S.C. Code Ann. § 56-5-1535;

    f. Failing to have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway, in violation of S.C. Code Ann. § 56-5-1930;

    g. Recklessly operating a commercial motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property in violation of S.C. Code Ann. § 56-5-2920;

    h. Operating an unsafe commercial motor vehicle in violation of S.C. Code Ann. § 56-5-4410 and 56-5-5310;

    i. Failing to operate a commercial motor vehicle with a valid medical certificate, as required by the Federal Motor Carrier Safety Regulations ("FMCSR");

    j. Failing to operate a commercial motor vehicle in the manner required by the FMCSR, including in violation of Hours of Service rules;

    k. Failing to operate a commercial motor vehicle in the manner required by the professional standards established by South Carolina, including in violation of Hours of Service rules;

    l. Operating a commercial motor vehicle with inadequate lamps and reflective devices in violation of FMCSR 393.9(a);

    m. Failing to properly maintain, inspect, service and repair the tractor and trailer in violation of the FMCSR and state laws;

    n. Failing to properly perform and document the pre- and post-trip inspections in violation of the FMCSR and state laws;

    o. Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

    p. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate result of the damages and injuries claimed herein.

    19. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Y & F Transportations and Abbey as set out above, Decedent's

4

beneficiaries, as represented by Plaintiffs, have suffered injuries, which have caused, and in the future will cause, his beneficiaries to suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of the use and comfort of the Decedent's society, including the loss of his experience, knowledge, and judgments in managing his affairs and the affairs of his beneficiaries.

20. In addition, as a direct, foreseeable, and proximate result of the negligent, reckless, willful, and wanton acts and omissions of Y & F Transportations and Abbey, Decedent suffered catastrophic physical harm and injury, endured excruciating conscious pain and suffering, including mental distress and emotional anguish, all of which ultimately resulted in his death.

21. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Y & F Transportations and Abbey as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Entrustment as to Y & F Transportations)

22. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein verbatim.

23. Y & F Transportations knew or should have known that Abbey was untrained and incapable of operating his commercial motor vehicle in the manner as required by the FMCSR and state law.

24. Y & F Transportations knew or should have known that Abbey's inexperience and lack of training was evidence that he was incapable of complying with the FMCSR and state law and was therefore a reckless driver.

25. Y & F Transportations entrusted a commercial motor vehicle to Abbey despite knowing that he lacked proper training and experience.

26. Y & F Transportations entrusted a commercial motor vehicle to Abbey despite knowing that he lacked the required medical certificate.

27. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Y & F Transportations and Abbey as set out above, Decedent's beneficiaries, as represented by Plaintiffs, have suffered injuries, which have caused, and in the future will cause, his beneficiaries to suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of the use and comfort of the Decedent's society, including the loss of his experience, knowledge, and judgments in managing his affairs and the affairs of his beneficiaries.

28. In addition, as a direct, foreseeable, and proximate result of the negligent, reckless, willful, and wanton acts and omissions of Y & F Transportations and Abbey, Decedent suffered catastrophic physical harm and injury, endured excruciating conscious pain and suffering, including mental distress and emotional anguish, all of which ultimately resulted in his death.

29. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Y & F Transportations and Abbey as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A THIRD CAUSE OF ACTION**
(Negligent Hiring, Training, Retention, and Supervision as to Y & F Transportations)

30. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein verbatim.

31. Y & F Transportations owed statutory and common law duties to the Decedent not to negligently hire, supervise, or retain commercial truck drivers incapable of complying with all provisions of the FMCSR and state law.

32. Y & F Transportations failed to properly review, interview, or interact with Abbey prior to hiring Abbey as a commercial truck driver.

6

33. Y & F Transportations knew or should have known that Abbey lacked the proper training, experience, and ability to comply with all provisions of the FMCSR and state law.

34. Y & F Transportations knew or should have known that Abbey lacked the required medical certificate to operate a commercial motor vehicle.

35. Y & F Transportations knew or should have known that Abbey's inexperience, lack of training, and inability to comply with the FMCSR was evidence that he was unable to comply with federal law and state law and was therefore a reckless driver.

36. Y & F Transportations failed to comply with the FMCSR prior to utilizing Abbey as a commercial truck driver.

37. Y & F Transportations failed to properly supervise and train Abbey in violation of the FMCSR and state law.

38. Y & F Transportations allowed Abbey to continue to operate a commercial motor vehicle without the most basic training, in violation of the FMCSR and state law.

39. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Y & F Transportations and Abbey as set out above, Decedent's beneficiaries, as represented by Plaintiffs, have suffered injuries, which have caused, and in the future will cause, his beneficiaries to suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of the use and comfort of the Decedent's society, including the loss of his experience, knowledge, and judgments in managing his affairs and the affairs of his beneficiaries.

40. In addition, as a direct, foreseeable, and proximate result of the negligent, reckless, willful, and wanton acts and omissions of Y & F Transportations and Abbey, Decedent suffered catastrophic physical harm and injury, endured excruciating conscious pain and suffering, including mental distress and emotional anguish, all of which ultimately resulted in his death.

41. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Y & F Transportations and Abbey as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## **FOR A FOURTH CAUSE OF ACTION**
(Negligent Maintenance as to Y & F Transportations)

42. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein verbatim.

43. Y & F Transportations owed statutory and common law duties to Decedent to properly maintain, inspect, service, and repair all equipment on the tractor and trailer driven by Abbey on the date of the collision.

44. Abbey and Y & F Transportations failed to properly maintain, inspect, service, and repair the tractor and trailer in accordance with the most basic laws mandated by the FMCSR and state laws.

45. Abbey and Y & F Transportations knew or should have known that the tractor, trailer, and all other equipment utilized on the date of the collision were not properly maintained, inspected, serviced, and repaired in accordance with the FMCSR and state laws.

46. Y & F Transportations entrusted a commercial tractor and trailer to Abbey despite knowing the tractor and trailer were not properly maintained, inspected, serviced, and repaired in accordance with the most basic laws mandated by the FMCSR and state laws.

47. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Y & F Transportations and Abbey as set out above, Decedent's beneficiaries, as represented by Plaintiffs, have suffered injuries, which have caused, and in the future will cause, his beneficiaries to suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of the use and comfort of the Decedent's society,

including the loss of his experience, knowledge, and judgments in managing his affairs and the affairs of his beneficiaries.

48. In addition, as a direct, foreseeable, and proximate result of the negligent, reckless, willful, and wanton acts and omissions of Y & F Transportations and Abbey, Decedent suffered catastrophic physical harm and injury, endured excruciating conscious pain and suffering, including mental distress and emotional anguish, all of which ultimately resulted in his death.

49. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Y & F Transportations and Abbey as set out above, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

50. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs pray for the following:

  i. Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

  ii. For the costs of this action including interest from the date of filing of this Complaint, and a reasonable attorney's fee be taxed against the Defendants; and

  iii. For such other and further relief as this court deems just and proper.

*(Signature Page to Follow)*

**PIERCE SLOAN WILSON**
**KENNEDY & EARLY LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

*/s/ Allan P. Sloan, III*_____
Allan P. Sloan, III (Fed ID 6268)
J. Morgan Forrester (Fed ID 12129)
*Attorneys for Plaintiffs*

and

**KENNEDY LAW FIRM, LLC**
Ralph S. Kennedy, Jr. (Fed ID 990)
Post Office Box 2559
Batesburg-Leesville, SC 29070
Phone: (803) 532-4100
Fax: (803) 532-0909
*Attorney for Plaintiffs*

September 5 2018
Charleston, South Carolina