# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Nichole Holder and Carlis Keith Epting, as Co- Personal Representatives of the Estate of Harley Dillon Epting, deceased, <br><br> Plaintiffs/Petitioners, <br><br> v. <br><br> Derek Abbey, Individually, and Y&F Transportations, LLC, <br><br> Defendants/Respondents. | Civil Action No.: 3:18-cv-02458-JMC <br><br> **ORDER APPROVING WRONGFUL DEATH SETTLEMENT** |

This matter comes before the court upon the verified Petition of Plaintiffs/Petitioners Nichole Holder and Carlis Keith Epting as Co-Personal Representatives of the Estate of Harley Dillon Epting, to approve a wrongful death settlement. (ECF No. 55.) The court is informed and now finds as follows:

Plaintiffs/Petitioners are the duly-appointed and qualified Co-Personal Representatives of the Estate of Harley Dillon Epting.

On or about December 20, 2017, on Pond Branch Road in Lexington County, South Carolina, a vehicular collision occurred in which Plaintiffs' Decedent Harley Dillon Epting, a passenger in a vehicle, received fatal injuries and Decedent passed away later that day.

Plaintiffs/Petitioners assert in this action a claim for wrongful death under § 15-51-10, Code of Laws of South Carolina, 1976, as amended, against Defendants/Respondents. Plaintiffs/Petitioners also assert a claim for survival.

Decedent died intestate Pursuant to S.C. Code Ann. § 15-51-20 (2005), Decedent's statutory beneficiaries for the wrongful death claim are Plaintiffs/Petitioners. Nichole Holder is

the mother of Decedent Harley Dillon Epting. Carlis Keith Epting is the father of Decedent Harley Dillon Epting. At the time of Decedent's passing, Decedent was unmarried and he had no children.

Plaintiffs/Petitioners are represented by Allan P. Sloan, III of Pierce Sloan Wilson Kennedy & Early, LLC, and by Ralph S. Kennedy, Jr. of Kennedy Law Firm, LLC. Plaintiffs/Petitioners are not aware of any claims asserted against or to be asserted against the Estate of Harley Dillon Epting.

Defendants/Respondents are insured under a surplus lines liability insurance policy issued by Prime Insurance Company, with stated policy limits of one million dollars ($1,000,000.00), and subject to the policy's coverage provisions, reservations, limitations, and exclusions.

Claims were asserted by Plaintiffs/Petitioners in this action pursuant to a joint prosecution agreement between their attorneys and the attorneys for the Estate of Carlis Wade Epting. The Estate of Carlis Wade Epting has not filed a suit. The claims of Plaintiffs/Petitioners and the claims of the Estate of Carlis Wade Epting were jointly mediated and negotiated by Defendants/Respondents and their insurer, with funds from the same insurance policy. Plaintiffs/Petitioners and Defendants/Respondents and their insurer reached a confidential settlement agreement. Plaintiffs/Petitioners have agreed to accept the total sum of $437,500.00 in exchange for giving only Defendants/Respondents and their insurer Prime Insurance Company a full, final and general release of liability and for dismissal of this action with prejudice. This full, final and general release of liability and dismissal with prejudice is in no way to release any claims or causes of actions Plaintiffs/Petitioners may have against the South Carolina Department of Transportation or any other potential tortfeasors, nor does it preclude Plaintiffs/Petitioners from pursuing such actions.

Plaintiffs/Petitioners are requesting that 50%, or $218,750.00, be allocated to settlement of the Wrongful Death Action and that 50%, or $218,750.00, to the settlement of the Survival Action. Defendants/Respondents have no objections to this proposed allocation.

Plaintiffs/Petitioners have incurred bills, costs and expenses for and on behalf of the Decedent and of the Estate, including attorney's fees and costs, all as set forth in the Disbursement Statements attached hereto as Exhibit 1. Plaintiffs/Petitioners state that they agree that these bills, costs, and expenses shall be paid from the proceeds of the settlement.

Plaintiffs/Petitioners state that they agree that the Estate of Harley Dillon Epting shall be responsible for paying any and all additional outstanding bills of medical providers, funeral expenses, or other providers on behalf of the Decedent and/or the Estate of Harley Dillon Epting should valid claims be asserted and proper notice given and after any reductions that may be negotiated or available at law. Plaintiffs/Petitioners agree that neither Defendants/Respondents nor Prime Insurance Company will be responsible for satisfying these bills, claims, expenses or liens. Plaintiffs/Petitioners agree to indemnify and hold harmless Defendants/Respondents and Prime Insurance Company and any of their agents or employees for any claims made against them relating to the distribution of the settlement proceeds. Plaintiffs/Petitioners agree that Prime Insurance Company, Defendants/Respondents, and any of their agents or employees shall have no responsibility to ensure the proper distribution of the settlement proceeds.

Plaintiffs/Petitioners stated to the court that they have carefully considered the facts and circumstances herein, that Plaintiffs/Petitioners are aware of the uncertainties of litigation and that they believe that the settlement agreement as proposed, under the circumstances, is fair and equitable and should be approved and carried out without expense of further litigation of the instant action.

Upon full consideration of the Petition and appropriate information in this matter, and after addressing Plaintiffs/Petitioners, the court finds that the settlement agreement and proposals as outlined hereinabove and in their Petition are fair and just and in the best interests of the parties. Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that the settlement proposals set forth hereinabove and in the Petition (ECF No. 55) shall be and are hereby **APPROVED**, and that upon receipt of the amount set forth therein, Plaintiffs/Petitioners are hereby authorized and directed to execute such documents as will effect full, general and final release only in favor of Derek Abbey, Y & F Transportations, LLC, and Prime Insurance Company, their agents, servants, employees, successors, heirs, executors, administrators, and assigns, from any and all claims or actions whatsoever arising out of the subject vehicular collision and the death of Harley Dillon Epting, and that Plaintiffs/Petitioners shall disburse the settlement proceeds as set forth in their petition and hereinabove and execute any documents necessary to effect the settlement.

It is further ordered that this action shall be and is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 7, 2019
Columbia, South Carolina